B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Western District of Wisconsin | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Gardner, Ronald L.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Gardner, Susanne P.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **3982** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **5412** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**S3387 Larue Rd**<br>**La Valle, WI**<br>              ZIPCODE **53941-9763** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**S3387 Larue Rd**<br>**La Valle, WI**<br>              ZIPCODE **53941-9763** |
| County of Residence or of the Principal Place of Business:<br>**Sauk** | County of Residence or of the Principal Place of Business:<br>**Sauk** |
| Mailing Address of Debtor (if different from street address)<br>              ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>              ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>              ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)                                                                                 Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Gardner, Ronald L. & Gardner, Susanne P.** |
|---|---|

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X */s/ Thomas J. Casey*                                       11/29/10<br><span style="padding-left:3em">Signature of Attorney for Debtor(s)</span>                    Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (4/10)                                                                                                          Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Gardner, Ronald L. & Gardner, Susanne P.** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Ronald L. Gardner**
Signature of Debtor                                    **Ronald L. Gardner**

X **/s/ Susanne P. Gardner**
Signature of Joint Debtor                         **Susanne P. Gardner**

Telephone Number (If not represented by attorney)

**November 29, 2010**
Date

---

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

---

| **Signature of Attorney*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

X **/s/ Thomas J. Casey**
Signature of Attorney for Debtor(s)

**Thomas J. Casey 1006622**
**Curran, Hollenbeck & Orton, S.C.**
**P.O. Box 140**
**Mauston, WI 53948-0140**

**tcasey@curranlawoffice.com**

**November 29, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Western District of Wisconsin

IN RE:                                                                              Case No. _____

**Gardner, Ronald L.**                                                              Chapter **7** _____

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Ronald L. Gardner** _____

Date: **November 29, 2010** _____

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 00134-WIW-CC-012198152

00134-WIW-CC-012198152

# CERTIFICATE OF COUNSELING

I CERTIFY that on September 1, 2010, at 3:49 o'clock PM PDT, Ron L. Gardner received from Cricket Debt Counseling, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Western District of Wisconsin, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone.

Date:   September 1, 2010              By:     /s/Margaret Thomas

                                       Name:   Margaret Thomas

                                       Title:  Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

Certificate Number: 00134-WIW-CC-012198151

00134-WIW-CC-012198151

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>September 1, 2010</u>, at <u>3:49</u> o'clock <u>PM PDT</u>, <u>Susanne Gardner</u> received from <u>Cricket Debt Counseling</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Western District of Wisconsin</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date:   <u>September 1, 2010</u>          By:    <u>/s/Margaret Thomas</u>

                                        Name:   <u>Margaret Thomas</u>

                                        Title:   <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
## Western District of Wisconsin

IN RE:                                                                Case No. _____

**Gardner, Susanne P.** _____   Chapter **7** _____
                                         Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Susanne P. Gardner** _____

Date: **November 29, 2010** _____

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Western District of Wisconsin**

IN RE:                                                              Case No. _____

Gardner, Ronald L. & Gardner, Susanne P.                           Chapter **7**_____
_____Debtor(s)_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 22 | $ 833,709.00 | | |
| B - Personal Property | Yes | 7 | $ 22,106.86 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 1,190,563.14 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 329,908.69 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $ 6,385.69 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 10,191.00 |
| TOTAL | | 42 | $ 855,815.86 | $ 1,520,471.83 | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**

**Western District of Wisconsin**

IN RE:                                                                    Case No. _____

Gardner, Ronald L. & Gardner, Susanne P. _____    Chapter **7** _____
Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | 0.00 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 6,385.69 |
| Average Expenses (from Schedule J, Line 18) | $ | 10,191.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 7,807.69 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 356,854.14 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 329,908.69 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 686,762.83 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**
_____    Case No. _____
Debtor(s)                                                                    (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **House located at Reedsburg, Wisconsin; tax parcel#276-1823-10000; 2009 tax assessed FMV is $177,103.00, the address of this property is 404 S. Preston Avenue, Reedsburg, Wisconsin 53959** | | **C** | **177,300.00** | **245,000.00** |
| **Land adjacent to homestead; tax parcel #'s 022-0357; 022-0361; 022-363; total 2009 tax assessed FMV is $109,532** | | **C** | **109,532.00** | **155,463.14** |
| **Residence located at S3387 LaRue Road, LaValle, Wisconsin 53941; tax parcel#022-0391, 2009 tax assessed FMV is $546,877.00 (includes 40 acres)** | | **C** | **546,877.00** | **790,100.00** |
| | | **TOTAL** | **833,709.00** | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

000303

## ASSIGNMENT OF MORTGAGE

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
AT 11:30 O'CLOCK A M
ON Dec 15 2003
Brent Bailey
REGISTRAR
11.00 ch

Document Number: 828212

Return Address:
AMERICA'S MORTGAGE BANC
1166 QUAIL COURT, SUITE 200
PEWAUKEE, WISCONSIN 53072
Loan Number: GARDNER

Parcel I.D. Number: 276-1823-10000

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to    CITIFINANCIAL
MORTGAGE COMPANY, INC., 8333 RIDGEPOINT DRIVE IRVING, TX 75063

all beneficial interest under that certain Mortgage dated    SEPTEMBER 23, 2003    executed by
SUSANNE P. GARDNER AND RONALD L. GARDNER WIFE AND HUSBAND
, Mortgagor

and recorded either:

☐ concurrently herewith, or
☐ as Instrument No. 822969    on 10/6/03    in book
page    , of Official Records in the County Recorder's office of SAUK
County, WISCONSIN    , describing land therein as
LOT 2 OF CERTIFIED SURVEY MAP NO. 2626 AS RECORDED IN THE OFFICE OF THE
REGISTER OF DEEDS FOR SAUK COUNTY, WISCONSIN IN VOLUME 11 OF CERTIFIED
SURVEYS ON PAGE 2626, AS DOCUMENT NO. 573339. (LOCATED IN THE NW 1/4 SE
1/4 OF SECTION 9, TOWNSHIP 12 NORTH, RANGE 4 EAST, CITY OF REEDSBURG,
ALSO BEING A PART OF CERTIFIED SURVEY MAP NO. 80) SAUK COUNTY, WISCONSIN.
A.P.N. #: 276-1823-10000

Commonly known as: 404 S. PRESTON AVE, REEDSBURG, WISCONSIN 53959
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.

AMERICA'S MORTGAGE BANC, KANSAS
CORPORATION
By: _____

Name: CHRISTOPHER S. CONWAY

Attest _____    Title: PRESIDENT

Attest _____    By: _____

STATE OF    KANSAS    Name: _____

COUNTY OF    JOHNSON    Title: _____

On    SEPTEMBER 23, 2003    before me,

MELISSA GRAFF

a notary public in and for said state, personally appeared
CHRISTOPHER S. CONWAY,
PRESIDENT

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in    (This area for Corporate Seal)
his/her/their authorized capacity(ies), and that by    MELISSA GRAFF
his/her/their signature(s) on the instrument the person(s) or    NOTARY PUBLIC
the entity upon behalf of which the person(s) acted,    STATE OF KANSAS
executed the instrument.    COUNTY OF JOHNSON
MY COMM. EXPIRES 8/8/07
WITNESS my hand and official seal.    (This area for official notarial seal)

Signature MELISSA GRAFF, JOHNSON COUNTY    This Instrument Prepared By:    JULIE KORTH

My Commission Expires: 8/8/07

WISCONSIN ASSIGNMENT OF MORTGAGE
(REV. 11/98)

DocMagic eForms 800-649-1362
www.docmagic.com

WI.som

000602

822969

# MORTGAGE

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
AT 1 50 O'CLOCK P M
ON Oct 6 20 03
Dent Daily
REGISTRAR
39.00 ck

Document Number: Loan Number: GARDNER

Return Address: AMERICA'S MORTGAGE BANC
1166 QUAIL COURT, SUITE 200
PEWAUKEE, WISCONSIN 53072

Parcel I.D. Number: 276-1823-10000

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "**Security Instrument**" means this document, which is dated SEPTEMBER 23, 2003     , together with all Riders to this document.

(B)  "**Borrower**" is SUSANNE P. GARDNER AND RONALD L. GARDNER WIFE AND HUSBAND

Borrower is the mortgagor under this Security Instrument.

(C)  "**Lender**" is AMERICA'S MORTGAGE BANC

Lender is a CORPORATION                                                        organized
and existing under the laws of  KANSAS
Lender's address is 1166 QUAIL COURT, SUITE 200, PEWAUKEE, WISCONSIN 53072
Lender is the mortgagee under this Security Instrument.

(D)  "**Note**" means the promissory note signed by Borrower and dated  SEPTEMBER 23, 2003      .
The Note states that Borrower owes Lender TWO HUNDRED TWENTY FIVE THOUSAND AND 00/100                                                       Dollars (U.S. $ 225,000.00          )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than OCTOBER 1, 2033          .

(E)  "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

(F)  "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G)  "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(H)  "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

Wi30501.mtg

000603

(I) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) **"Escrow Items"** means those items that are described in Section 3.

(L) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the

COUNTY of SAUK :
[Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]

LOT 2 OF CERTIFIED SURVEY MAP NO. 2626 AS RECORDED IN THE OFFICE
OF THE REGISTER OF DEEDS FOR SAUK COUNTY, WISCONSIN IN VOLUME 11
OF CERTIFIED SURVEYS ON PAGE 2626, AS DOCUMENT NO. 573339.
(LOCATED IN THE NW 1/4 SE 1/4 OF SECTION 9, TOWNSHIP 12 NORTH,
RANGE 4 EAST, CITY OF REEDSBURG, ALSO BEING A PART OF CERTIFIED
SURVEY MAP NO. 80) SAUK COUNTY, WISCONSIN.
A.P.N. #: 276-1823-10000

which currently has the address of 404 S. PRESTON AVE

[Street]

REEDSBURG , Wisconsin 53959 ("Property Address"):
[City]        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

WISCONSIN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3050 1/01        Page 2 of 12        DocMagic *eForms* 800-649-1362
www.docmagic.com

Wi30602.smg

000613

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Susanne P. Gardner_ (Seal)
SUSANNE P. GARDNER          -Borrower

_____ (Seal)
RONALD L.  GARDNER          -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

Witness:                              Witness:

_Wale A. Nichols_                     _Wale A. Nichols_

──────────────── [Space Below This Line For Acknowledgment] ────────────────

State of Wisconsin
County of SAUK

This instrument was acknowledged before me on _September 23, 2003_
by SUSANNE P. GARDNER, RONALD L. GARDNER

_Wale A. Nichols_
Wale A. Nichols
                                      Notary Public

(Seal)                     My commission expires: _1-68-06_

This instrument was drafted by:
JULIE KORTH

WISCONSIN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3050 1/01                        Page 12 of 12

DocMagic *eForms* 800-649-1362
www.docmagic.com

WI3050I2.WER

C00614

Loan Number: GARDNER

# ADJUSTABLE RATE RIDER
## (LIBOR Six-Month Index (As Posted By Fannie Mae) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 23rd day of SEPTEMBER, 2003 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure
Borrower's Adjustable Rate Note (the "Note") to AMERICA'S MORTGAGE BANC, KANSAS
CORPORATION
("Lender") of the same date and covering the property described in the Security Instrument and located at:

404 S. PRESTON AVE, REEDSBURG, WISCONSIN 53959
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND
THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

## A.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of     6.490 %. The Note provides for changes
in the interest rate and the monthly payments, as follows:

## 4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A)    Change Dates
The interest rate I will pay may change on the    1st day of OCTOBER, 2005    ,
and on that day every   6th   month thereafter. Each date on which my interest rate could change is called
a "Change Date."
### (B)    The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the
average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market
based on quotations of major banks, as posted by Fannie Mae through electronic transmission or by telephone
or both through electronic transmission and by telephone. The most recent Index figure available as of the
date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, or is no longer posted either through electronic transmission or by
telephone, the Note Holder will choose a new index that is based upon comparable information. The Note
Holder will give me notice of this choice.

MULTISTATE ADJUSTABLE RATE RIDER–LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3136 1/01                            Page 1 of 3

DocMagic ℮Ｆｏｒｍｓ 800-649-1362
www.docmagic.com

Us31361.rid

000615

(C)    **Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding
SIX AND 260/1000                    percentage points ( 6.260       %) to the Current
Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one
percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be
my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to
repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my
new interest rate in substantially equal payments. The result of this calculation will be the new amount of
my monthly payment.

(D)    **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    9.490%
or less than      6.490    %. Thereafter, my interest rate will never be increased or decreased on any
single Change Date by more than ONE AND 000/1000                              percentage points
(    1.000      %) from the rate of interest I have been paying for the preceding  6      months. My
interest rate will never be greater than      13.490   %.My interest rate will never be
                                                                    less than 6.490%.

(E)    **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new
monthly payment beginning on the first monthly payment date after the Change Date until the amount of my
monthly payment changes again.

(F)    **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount
of my monthly payment before the effective date of any change. The notice will include information required
by law to be given to me and also the title and telephone number of a person who will answer any question
I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section
18, "Interest in the Property" means any legal or beneficial interest in the Property, including,
but not limited to, those beneficial interests transferred in a bond for deed, contract for deed,
installment sales contract or escrow agreement, the intent of which is the transfer of title by
Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or
if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred)
without Lender's prior written consent, Lender may require immediate payment in full of all
sums secured by this Security Instrument. However, this option shall not be exercised by
Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this
option if: (a) Borrower causes to be submitted to Lender information required by Lender to
evaluate the intended transferee as if a new loan were being made to the transferee; and (b)
Lender reasonably determines that Lender's security will not be impaired by the loan
assumption and that the risk of a breach of any covenant or agreement in this Security
Instrument is acceptable to Lender.

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3138 1/01                                    Page 2 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

000616

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_Susanne P. Gardner_ (Seal)
SUSANNE P. GARDNER       -Borrower

_____ (Seal)
RONALD L. GARDNER        -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS POSTED BY FANNIE MAE)--Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3136 1/01                Page 3 of 3

DocMagic eForms 800-649-1362
www.docmagic.com

Us3136it.rid

| W. B. A. | 11142 |
| --- | --- |

© 2005 Wisconsin Bankers Association / Distributed by FIPCO®

DOCUMENT NO.

**REAL ESTATE MORTGAGE**
(Use For Consumer or Business Transactions)

RONALD L GARDNER and SUSANNE P GARDNER, husband and wife

_____ ("Mortgagor,"
whether one or more) mortgages, conveys, assigns, grants a security interest in and
warrants to Community First Bank
115 Main St  PO Box 520, Reedsburg, WI  53959-0520
("Lender") in consideration of the sum of
One Hundred Sixty Thousand and 00/100
_____ Dollars
($160,000.00         ), loaned or to be loaned to RONALD L GARDNER
and SUSANNE P GARDNER
_____ ("Borrower," whether one or more) by Lender,
evidenced by Borrower's note(s) or agreement(s) dated September 20, 2007

the real estate described below, together with all privileges, hereditaments, easements and
appurtenances, all rents, leases, issues and profits, all claims, awards and payments made
as a result of the exercise of the right of eminent domain, and all existing and future
improvements and fixtures (all called the "Property) to secure the Obligations described in
paragraph 5 on page 2, including, but not limited to, repayment of the sum stated above
plus certain other debts, obligations and liabilities arising out of past, present and future
credit granted by Lender. SINCE THIS MORTGAGE SECURES ALL OBLIGATIONS
DESCRIBED IN PARAGRAPH 5 ON PAGE 2, IT IS ACKNOWLEDGED AND AGREED
THAT THIS MORTGAGE MAY SECURE OBLIGATIONS FROM TIME TO TIME IN A
DOLLAR AMOUNT GREATER THAN THE DOLLAR AMOUNT STATED ABOVE.

1. **Description of Property.** (This  Property is not    the homestead of Mortgagor.)

See Real Estate Description on Attachment

☒ If checked here, description continues or appears on attached sheet(s).   ☐ If checked here, and not in limitation of paragraph 5 on page 2, this
☐ If checked here, this Mortgage is a construction mortgage.                Mortgage is also given to secure all sums advanced and re-advanced to
☐ If checked here, Condominium Rider is attached.                          Borrower by Lender from time to time under the revolving credit agreement
2. **Title.** Mortgagor warrants title to the Property, excepting only restrictions and easements of record, municipal and zoning ordinances, current taxes
and assessments not yet due and  n/a

3. **Escrow. Interest** will    be paid on escrowed funds if an escrow is required under paragraph 8(a) on page 2.

4. **Additional Provisions.** Mortgagor agrees to the Additional Provisions on page 2, which are incorporated in this Mortgage.
The undersigned acknowledges receipt of an exact copy of this Mortgage.

> **NOTICE TO CUSTOMER IN A TRANSACTION GOVERNED BY THE WISCONSIN CONSUMER ACT**
> (a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON PAGE 2, EVEN IF OTHERWISE ADVISED.
> (b) DO NOT SIGN IT IF IT CONTAINS ANY BLANK SPACES.
> (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
> (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE
>     ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

Signed and Sealed September 20, 2007
                     (Date)

_____ (SEAL)

_____
        (Type of Organization)

By: _____ (SEAL)

By: _____ (SEAL)

By: _____ (SEAL)

By: _____ (SEAL)

RONALD L GARDNER _____ (SEAL)

Susanne Gardner _____ (SEAL)
SUSANNE P GARDNER

_____ (SEAL)

_____ (SEAL)

━━━━━━ AUTHENTICATION ━━━━━━      OR ━━━━━ ACKNOWLEDGEMENT ━━━━━

Signatures of _____

_____

authenticated this _____ day of _____

_____

Title: Member State Bar of Wisconsin or _____
authorized under § 706.06, Wis. Stats.

This instrument was drafted by
Stacey Asfle for Community First Bank

_____
*Type or print name signed above.

STATE OF Wisconsin _____
                                          } ss.
County of Sauk _____

This instrument was acknowledged before me on September 20, 2007 .
by RONALD L GARDNER and SUSANNE P GARDNER
_____
            (Name(s) of person(s))

as n/a _____
            (Type of authority, e.g., officer, trustee, etc., if any)

of n/a _____
        (Name of party on behalf of whom instrument was executed, if any)

Arthur L Shrader
Notary Public, Wisconsin
My Commission (Expires)        June 13, 2010

Real Estate Mortgage
PAGE 1

DOC# 944736

Recorded
SEP. 21, 2007 AT 08:30AM

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
Fee Amount:       $15.00

Recording Area

Name and Return Address
Community First Bank

115 Main St  PO Box 520

Reedsburg, WI  53959-0520

022-0361, 022-0357, 022-0363
            Parcel Identifier No.

### ADDITIONAL PROVISIONS

**5. Mortgage as Security.** This Mortgage secures prompt payment to Lender of (a) the sum stated in the first paragraph of this Mortgage on page 1, plus interest and charges, according to the terms of the promissory note(s) or agreement(s) of Borrower to Lender identified on page 1, and any extensions, renewals of modifications of such credit previously granted, credit contemporaneously granted and credit granted in the future by Lender to any Mortgagor, to any Mortgagor and another or to another Statutes, if applicable; all costs and expenses of collection or enforcement (all called the "Obligations"). This Mortgage also secures the performance of all covenants, conditions and agreements contained in this Mortgage. Unless otherwise required by law, Lender will satisfy this Mortgage upon receipt by Mortgagor if (a) the Obligations have been paid according to their terms, (b) any commitment to make future advances secured by this Mortgage has terminated, (c) Lender has terminated any line of credit under which advances are to be secured by this Mortgage, and (d) all other payments required under this Mortgage and the Obligations and all other terms, conditions, covenants, and agreements contained in this Mortgage and the documents evidencing the Obligations have been paid and performed.

**6. Taxes.** To the extent not paid to Lender under paragraph 8(a), Mortgagor shall pay before they become delinquent all taxes, assessments and other charges which may be levied or assessed against the Property, against Lender upon this Mortgage or the Obligations or other debt secured by this Mortgage, or upon Lender's interest in the Property, and deliver to Lender receipts showing timely payment.

**7. Insurance.** Mortgagor shall keep the improvements on the Property insured against direct loss or damage occasioned by fire, flood, extended coverage perils and such other hazards as Lender may require, through insurers reasonably satisfactory to Lender, in amounts, without co-insurance, not less than the unpaid balance of the Obligations or the full replacement value, whichever is less, and shall pay the premiums when due. The policies shall contain the standard mortgage clause in favor of Lender and, unless Lender otherwise agrees in writing, the original of all policies covering the Property shall be deposited with Lender. Subject to Lender's satisfaction, Mortgagor is free to select the insurance agent or insurer through which insurance is obtained. Mortgagor shall promptly give notice of loss to insurance companies and Lender. All proceeds from such insurance shall be applied, at Lender's option, to the installments of the Obligations in the inverse order of their maturities (without penalty for prepayment) or to the restoration of the improvements on the Property. Mortgagor in and to any insurance then in force shall pass to the purchaser or grantee. If Mortgagor fails to keep any required insurance on the Property, Lender may purchase such insurance for Mortgagor. Such insurance may be acquired by Lender solely to protect the interest of Lender (it will not cover Mortgagor's equity in the Property), and Mortgagor's obligation to repay Lender shall be in accordance with Section 10.

**8. Mortgagor's Covenants.** Mortgagor covenants:

**(a) Escrow.** If an escrow is required by Lender, to pay Lender sufficient funds, at such times as Lender designates, to pay when due (i) the estimated annual real estate taxes and assessments on the Property, (2) all property and hazard insurance premiums, (3) flood insurance premiums, if any, (4) if payments owed under the Obligations are guaranteed by mortgage guaranty insurance, the premiums necessary to pay for such insurance, and (5) other items agreed to be included in the escrow. Lender may, at any time, collect and hold such escrow funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Mortgagor's escrow account under the federal Real Estate Settlement Procedures Act of 1974, as amended from time to time, if applicable. Lender may estimate the amount of escrow funds due on the basis of current data and reasonable estimates of future expenditures of future escrow account funds or as otherwise required by applicable law. Lender shall apply the escrowed funds against taxes, assessments and insurance premiums when due permitted to be held by applicable law. Lender shall account to Mortgagor for the escrowed funds. If the escrowed funds held by Lender exceed the amount required by applicable law. If the escrowed funds held by Lender at any time are not sufficient to pay the escrow account items when due, Lender may notify Mortgagor in writing, and Mortgagor shall pay to Lender the amount necessary to make up the deficiency in a manner determined by Lender or as otherwise required by applicable law;

**(b) Condition and Repair.** To keep the Property in good and tenantable condition and repair, and to restore or replace damaged or destroyed improvements and fixtures;

**(c) Liens.** To keep the Property free from liens and encumbrances superior to the lien of this Mortgage and not described in paragraph 3 on page 1;

**(d) Other Mortgages.** To perform all of Mortgagor's obligations and duties under any other mortgage or security agreement on the Property and any obligation to pay secured by such a mortgage or security agreement;

**(e) Waste.** Not to commit waste or permit waste to be committed upon the Property;

**(f) Conveyance.** Not to sell, assign, lease, mortgage, convey or otherwise transfer any legal or equitable interest in all or part of the Property, or permit the same to occur without the prior written consent of Lender and, without notice to Mortgagor, Lender may deal with any transferee as to his interest in the same manner as with Mortgagor, without in any way discharging the liability of Mortgagor under this Mortgage or the Obligations;

**(g) Alteration or Removal.** Not to remove, demolish or materially alter any part of the Property, without Lender's prior written consent, except Mortgagor may remove a fixture, provided the fixture is promptly replaced with another fixture of at least equal utility;

**(h) Condemnation.** To pay to Lender all compensation received for the taking of the Property, or any part, by condemnation proceeding (including payments in compromise of condemnation proceedings), and all compensation received as damages for injury to the Property, or any part. The compensation shall be applied in such manner as Lender determines to rebuilding of the Property or to the Obligations in the inverse order of their maturities (without penalty for prepayment);

**(i) Inspection.** Lender and its authorized representatives may enter the Property at reasonable times to inspect it, and at Lender's option to repair or restore the Property and to conduct environmental assessments and audits of the Property;

**(j) Laws.** To comply with all laws, ordinances and regulations affecting the Property; and

**(k) Subrogation.** That Lender is subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the proceeds of the note(s) or agreement(s) identified on page 1

**8. Environmental Laws.** Mortgagor represents, warrants and covenants to Lender that (a) during the period of Mortgagor's ownership or use of the Property no substance has been, is or will be present, used, stored, deposited, treated, recycled or disposed of on, under, in or about the Property in a form, quantity or manner which if known to be present on, under, in or about the Property would require clean-up, removal or some other remedial action ("Hazardous Substances") under any federal, state or local laws, regulations, ordinances, codes or rules ("Environmental Laws"); (b) that Mortgagor has no knowledge, after due inquiry, of any prior use or existence of any Hazardous Substance on the Property by any prior owner of or person using the Property; (c) that, without limiting the generality of the foregoing, Mortgagor has no knowledge, after due inquiry, that the Property contains asbestos, polychlorinated biphenyl components (PCBs) or underground storage tanks; (d) that there are no conditions currently existing or likely to exist during the term of this Mortgage which would subject Mortgagor to any damages, penalties, injunctive relief or clean-up costs in any governmental or regulatory action or third-party claims relating to any Hazardous Substance; (e) that Mortgagor is not subject to any court or administrative proceeding, judgment, decree, order or citation relating to any Hazardous Substance, and (f) that Mortgagor is not, at the present, is, and in the future will remain in compliance with all Environmental Laws. Mortgagor shall indemnify and hold harmless Lender, its directors, officers, employees and agents from all loss, cost (including reasonable attorneys' fees and legal expenses), liability and damage whatsoever directly or indirectly resulting from, arising out of, or based upon (i) the presence, use, storage, deposit, treatment, recycling or disposal, at any time, of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, (ii) the violation or alleged violation of any Environmental Law, permit, judgment or license relating to the presence, use, storage, deposit, treatment, recycling or disposal of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, or (iii) the imposition of any governmental lien for the recovery of environmental clean-up costs expended under any Environmental Law. Mortgagor shall immediately notify Lender in writing of any governmental or regulatory action or third-party claim instituted or threatened in connection with any Hazardous Substance on, in, under or about the Property.

**10. Authority of Lender to Perform for Mortgagor.** If Mortgagor fails to perform any of Mortgagor's duties set forth in this Mortgage with respect to preserving or insuring the Property, Lender may upon giving Mortgagor any notice and opportunity to perform which are required by law, perform the covenants or duties or cause them to be performed, including without limitation signing Mortgagor's name or paying any amount so required, and the cost shall be due on demand and secured by this Mortgage, bearing interest at the highest rate stated in any document evidencing an Obligation, but not in excess of the maximum rate permitted by law, from the date of expenditure by Lender to the date of payment by Mortgagor.

**11. Default; Acceleration; Remedies.** If (a) there is a default under any Obligation secured by this Mortgage, or (b) Mortgagor fails to observe or perform any of Mortgagor's covenants or duties contained in this Mortgage, then, at the option of Lender each Obligation will become immediately due and payable unless notice to Obligation will become due and payable if the default is not cured as provided in that statute or the document evidencing the Obligation and, in that event, the Lender exercises its option to accelerate, the unpaid principal and interest owed on the Obligation, together with all sums paid by Lender as authorized or required under this Mortgage or any Obligation, shall be collectible in a suit at law or by foreclosure of this Mortgage by action, or both, or by the exercise of any other remedy available at law or equity.

**12. Waiver.** Lender may waive any default without waiving any other subsequent or prior default by Mortgagor.

**13. Power of Sale.** In the event of foreclosure, Lender may sell the Property at public sale and execute and deliver to the purchasers deeds of conveyance pursuant to statute.

**14. Assignment of Rents and Leases.** Mortgagor conveys, assigns and transfers to Lender, as additional security for the Obligations, all leases of all or any part of the Property, whether oral or written, now or hereafter entered into by Mortgagor, together with any and all extensions and renewals of any leases, and all rents which become or remain due or are paid under any agreement or lease for the use or occupancy of any part or all of the Property. Until the occurrence of an event of default under this Mortgage or any Obligation, Mortgagor has a license to collect the rents, issues and profits (the "Rents") from the Property. To the extent not prohibited by the Wisconsin Consumer Act, if applicable, upon or at any time after the occurrence of such an event of default and the expiration of any applicable cure period described in paragraph 11 above, all such license shall cease, upon notice or cure period provided in any document evidencing such Obligation, the license granted Mortgagor to collect the Rents shall automatically and immediately terminate and Mortgagor shall hold all Rents paid to Mortgagor thereafter in trust for the use and benefit of without foregoing any action or proceeding, or by a receiver to be appointed by a court, collect all of the Rents payable under the leases, enforce the payment of the Rents and exercise all of the rights of Mortgagor under the leases and all of the rights of Lender under this Mortgage. All such payments shall be applied in such manner as Lender determines to payments required under this Mortgage and the Obligations. To the extent not prohibited by the Wisconsin Consumer Act, if applicable, the assignment shall be enforceable and Lender shall be entitled to take any action to enforce the assignment (including notice to the tenants to pay directly to Lender or the commencement of a foreclosure action) without seeking or obtaining the appointment of a receiver or possession of the Property. Any entry upon and taking possession of the Property, any collection of Rents, and any application of Rents as allowed by this Mortgage shall not cure or waive any default or waive, modify or affect notice of default under this Mortgage or invalidate any act done pursuant to such notice, and not in any way operate to prevent Lender from pursuing any other remedy which it now or hereafter may have under the terms or conditions of this Mortgage, any document evidencing any Obligation or any other instrument securing the Obligations.

**15. Receiver.** Upon the commencement or during the pendency of an action to foreclose this Mortgage, or enforce any other remedies of Lender under it, without regard to the adequacy or inadequacy of the Property as security for the Obligations, Mortgagor agrees that the court may appoint a receiver of the Property (including homestead interest) without bond, and may empower the receiver to take possession of the Property and collect the rents, issues and profits of the Property (including such other powers as the court may grant until the confirmation of sale, and may order the rents, issues and profits, when so collected, to be held and applied as the court may direct.

**16. Foreclosure Without Deficiency Judgment.** If the Property is a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of § 846.101, Wis. Stats., and the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered if the Property is other than a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization. Mortgagor agrees to the provisions of §846.103, Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

**17. Expenses.** To the extent not prohibited by the Wisconsin Consumer Act or Chapter 428, Wisconsin Statutes, if applicable, Mortgagor shall pay all reasonable costs and expenses before and after judgment, including without limitation, attorneys' fees, fees and expenses for environmental assessments, inspections and audits, and fees and expenses for title search and obtaining other evidence required by Lender in protecting or enforcing its rights under this Mortgage.

**18. Successors and Assigns.** The obligations of all Mortgagors are joint and several. This Mortgage benefits Lender, its successors and assigns, and binds Mortgagor(s) and their respective heirs, personal representatives, successors and assigns.

**19. Interpretation.** The validity, construction and enforcement of this Mortgage are governed by the internal laws of Wisconsin except to the extent such laws are preempted by federal law. All references in this Mortgage to sections of the Wisconsin Statutes are to those sections as they may be renumbered from time to time. The invalidity of any provision of this Mortgage will not affect the validity of any other provision. This Mortgage is intended by Mortgagor and Lender as a final expression of this Mortgage and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Mortgage. This Mortgage may not be supplemented or modified except in writing.

## MUST BE ATTACHED TO REAL ESTATE MORTGAGE

LENDER: Community First Bank, 115 Main St  PO Box 520, Reedsburg, WI  53959-0520
MORTGAGOR(S): RONALD L GARDNER and SUSANNE P GARDNER

PARCEL NUMBER(S):
022-0361, 022-0357, 022-0363

### Real Estate Description Attachment

That part of the Northeast Quarter of the Southwest Quarter (NE1/4 SW1/4) lying Westerly of the centerline of LaRue Road;  The Northwest Quarter of the Southwest Quarter (NW1/4 SW1/4); The West One-half of the Northwest Quarter (W1/2 NW1/4) lying Westerly and Southerly of LaRue Road, EXCEPTING therefrom Certified Survey Map #269 and EXCEPTING therefrom lands described as follows: Commencing at the West 1/4 corner of Section 15, T12N, R3E, said point being the point of beginning; thence North 04°59'21" East, 739.54 feet; thence North 07°44'35" West, 360.62 feet; thence North 16°33'52" East, 271.85 feet; thence North 31°23'26" West, 116.38 feet; thence North 14°24'24" West, 150.31 feet; thence North 87°12'10" East, 123.75 feet to a point on the centerline of LaRue Road; thence North 26°53'18" West, 301.98 feet along the centerline of LaRue Road to a point on the West line of the NW1/4 of Section 15; thence South 00°32'31" East, 1875.00 feet to the point of beginning. All located in Section Fifteen (15), Township Twelve (12) North, Range Three (3) East, Town of Ironton, Sauk County, Wisconsin.

000186

DOC# 876577

Recorded
JUNE 29, 2005 AT 08:30AM

PLEASE RETURN TO REC. DEPT.
Lenders First Choice
3650 Royal Avenue
Simi Valley, CA 93063
Document Number: # 7211664

**MORTGAGE**

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
Fee Amount:      $23.00

Prepared by
Return Address: NATIONWIDE LENDING CORPORATION
165 TECHNOLOGY DRIVE
IRVINE, CALIFORNIA 92618

Parcel I.D. Number: 022-0391-00000

Loan Number: 0505101710

23.

THIS MORTGAGE is made this      3rd      day of JUNE, 2005                ,
between the Mortgagor, RONALD L. GARDNER AND SUSANNE P. GARDNER, HUSBAND
AND WIFE AS SURVIVORSHIP MARITAL PROPERTY

(herein "Borrower"),

and the Mortgagee, NATIONWIDE LENDING CORPORATION, A DELAWARE
CORPORATION
a corporation organized and existing under the laws of      DELAWARE
whose address is  165 TECHNOLOGY DRIVE, IRVINE, CALIFORNIA 92618
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 115,600.00      which
indebtedness is evidenced by Borrower's note dated   JUNE 3, 2005             and extensions and
renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of
the indebtedness, if not sooner paid, due and payable on  JULY 1, 2035            .

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this
Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby
mortgage, grant and convey to Lender, with power of sale, the following described property located in the County
of      SAUK                                            , State of Wisconsin:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N. #: 022-0391-00000

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.

which has the address of S3387 LARUE ROAD, LA VALLE
                            [Street]                                  [City]

Wisconsin        53941        (herein "Property Address");
                [Zip Code]

W13810l.mzg

000191

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 6 of this Mortgage.

---

**NOTICE TO CUSTOMER**

(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

---

_____ (Seal)          _____ (Seal)
SUSANNE P. GARDNER        -Borrower      RONALD L. GARDNER        -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                               -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                               -Borrower

Witness:                                 Witness:

_____                  _____

State of Wisconsin
County of   SAUK

This instrument was acknowledged before me on
by SUSANNE P. GARDNER, RONALD L. GARDNER

_____
Notary Public

(Seal)                    My commission expires:   7-24-05

This instrument was drafted by: NATIONWIDE LENDING CORPORATION
165 TECHNOLOGY DRIVE
IRVINE, CA 92618

WISCONSIN-SECOND MORTGAGE-1/80          Page 6 of 6          DocMagic 800-649-1362
3810                                                         www.docmagic.com

W138106.tmg

000122

## SCHEDULE "A"

THE FOLLOWING DESCRIBED REAL ESTATE IN SAUK COUNTY, STATE OF
WISCONSIN: A PARCEL OF LAND LOCATED IN SECTION 15 AND 16, T12N,
R3E, TOWN OF IRONTON, SAUK COUNTY, WISCONSIN, DESCRIBED AS
FOLLOWS: THAT PART OF THE NORTHEAST 1/4 SOUTHWEST 1/4 LYING
WESTERLY OF THE CENTERLINE OF LARUE ROAD; THE NORTHWEST QUARTER
OF THE SOUTHWEST QUARTER (NW1/2 SW1/2); THE WEST ONE-HALF OF THE
NORTHWEST QUARTER (W1/2 SW1/2) LYING WESTERLY AND SOUTHERLY OF
LARUE ROAD EXCEPTING THEREFROM CERTIFIED SURVEY MAP #269 AND
EXCEPTING THEREFROM LANDS DESCRIBED AS FOLLOWS: COMMENCING AT THE
WEST 1/4 CORNER OF THE AFORESAID SECTION 15, SAID POINT BEING THE
POINT OF BEGINNING; THENCE NORTH 04 DEGREES 59 MINUTES 21 SECONDS
EAST, 739.54 FEET; THENCE NORTH 07 DEGREES 44 MINUTES 35 SECONDS
WEST, 360.62 FEET; THENCE NORTH 16 DEGREES 33 MINUTES 52 SECONDS
EAST, 271.85 FEET; THENCE NORTH 31 DEGREES 23 MINUTES 26 SECONDS
WEST, 116.36 FEET; THENCE NORTH 14 DEGREES 24 MINUTES 24 SECONDS
WEST, 150.31 FEET; THENCE NORTH 87 DEGREES 12 MINUTES 10 SECONDS
EAST, 123.75 FEET TO A POINT ON THE CENTERLINE OF LARUE ROAD;
THENCE NORTH 26 DEGREES 53 MINUTES 18 SECONDS WEST 301.98 FEET
ALONG THE CENTERLINE OF LARUE ROAD TO A POINT ON THE WEST LINE OF
THE NW 1/4 OF SECTION 15; THENCE SOUTH 00 DEGREE 32 MINUTES 31
SECONDS EAST, 1875.00 FEET TO THE POINT OF BEGINNING; ALL IN
SECTION 15, THE NORTHEAST QUARTER OF THE SOUTHEAST QUARTER (NE1/2
SE1/2) OF SECTION 16. TOGETHER WITH ALL AND SINGULAR THE
HEREDITAMENTS AND APPURTENANCES THEREUNTO BELONGING:


FOR INFORMATIONAL PURPOSES ONLY:  THE APN IS SHOWN BY THE COUNTY
ASSESSOR AS 022-0391-00000; SOURCE OF TITLE IS DOCUMENT NO.
571663 (RECORDED 09/18/92).

000103                        DOC# 990421

Recorded
July 22, 2009 AT 08:30AM

_Grant Daily_

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
Fee Amount:         $13.00

THIS SPACE RESERVED FOR RECORDING DATA

**NAME AND RETURN ADDRESS:**

Chase Home Finance, LLC
3415 Vision Drive
Columbus, OH 43219

022-0391-00000
Parcel Identification Number (PIN)

STATE BAR OF WISCONSIN
FORM 14 - 1982
ASSIGNMENT OF MORTGAGE

Document Number

Mortgage Electronic Registration Systems Inc., as mortgagee, Assignor, for a valuable consideration, assigns to U.S. Bank National Association, as Trustee, for JPM2007-S1 the mortgage executed by Ronald L. Gardner and Susanne P. Gardner to Mortgage Electronic Registration Systems Inc., as mortgagee on the 10th day of January, 2007, together with the previously transferred note secured thereby, the aforementioned mortgage being assigned was recorded in the office of the Register of Deeds of Sauk County, Wisconsin, on the 6th day of February, 2007, as Document Number 927789. The property encumbered by said mortgage is described as follows:

Parcel 1: The Northeast Quarter of the Southeast Quarter of Section 16, Township 12 North, Range 3 East, Town of Ironton, Sauk County, Wisconsin.

Parcel 2: A driveway easement 66 feet in width, located in the Northeast Quarter of the Northwest Quarter and the Southwest Quarter of the Northwest Quarter, Section 15 and the Northeast Quarter of the Southeast Quarter of Section 16, Town 12 North, Range 3 East, Town of Ironton, Sauk County, Wisconsin, having a centerline as follows: Commencing at the Northwest corner of Section 15; thence South 10°04'03" East, 1,216.15 feet to a point on the centerline of LaRue Road, said point being the point of beginning of the centerline of the easement; thence South 12°51'32" West, 282.03 feet; thence South 03°19'50" West, 464.95 feet; thence South 05°41'50" East, 353.46 feet; thence South 12°43'02" West, 361.14 feet; thence South 15°02'23" West, 276.16 feet; thence South 32°00'00" West, 50.00 feet to the end of the easement. Note: Said Parcel contains greater than 20 acres of land.

Street address: 83187 Larue Rd. La Valle, WI 53941-9763

Dated this 10 day of July, 2009.

_____ (SEAL)

Witness    Nicole Knisley

_____ (SEAL)

Witness    Rachelle L. Smith

Mortgage Electronic Registration Systems Inc., as mortgagee

_____ (SEAL)
Christina Trowbridge    Vice President

_____ (SEAL)
Whitney K. Cook    Assistant Secretary

ACKNOWLEDGMENT

STATE OF _____ **Ohio** _____ )
                                        ) ss
_____ **Franklin** _____ COUNTY )

EXHIBIT
C

Personally came before me this ___10___ day of
___July___, 2007, the above named

**Christina Trowbridge**

to me known to be the person(s) who executed the foregoing
instrument and acknowledge the same.

Notary Public. ___Franklin___, County, ___Ohio___
My commission is permanent. (If not, state expiration date:
_____.)

THIS INSTRUMENT WAS DRAFTED BY
Duncan C. Delhey / Gray & Associates, L.L.P.
Ronald L. Gardner, 063442F01

* Names of persons signing in any capacity should be typed or printed below their signature.
ASSIGNMENT OF REAL ESTATE MORTGAGE

STATE BAR OF WISCONSIN
Form No. 11 - 1982

DOC# 927789

# MORTGAGE

Recorded
FEB. 06, 2007 AT 02:50PM

DOCUMENT NUMBER
3210153752P

REGISTRAR'S OFFICE
SAUK COUNTY WI
RECEIVED FOR RECORD
Fee Amount:   $41.00

NAME & RETURN ADDRESS
Sharyn Labby
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI  48152

PARCEL IDENTIFIER NUMBER
022-0391-00000

---

2446257                    ─────[Space Above This Line For Recording Data]─────

3210153752P
MIN 100039032101537526

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated     January 10, 2007               ,
together with all Riders to this document.
(B) "Borrower" is Ronald L. Gardner and Susanne P. Gardner, husband and wife

Borrower is the mortgagor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

---

WISCONSIN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3050  1/01
1308559382
VMP -6A(WI) (0005)
Page 1 of 15          Initials:
VMP MORTGAGE FORMS - (800)521-7291

q03210153752 0233 211 0115



EXHIBIT
A

000312

3210153752P

**(D) "Lender"** is Quicken Loans Inc.

Lender is a Corporation
organized and existing under the laws of        the State of Michigan
Lender's address is 20555 Victor Parkway, Livonia, MI  48152

**(E) "Note"** means the promissory note signed by Borrower and dated      January 10, 2007
The Note states that Borrower owes Lender Six Hundred Thirty Two Thousand and
00/100                                                                                   Dollars
(U.S. $632,000.00         ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than      February 1, 2037
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |
| | | Legal Attached |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

q03210153752 0233 211 0215

EXHIBIT A

000313

3210153752P

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the
County                    of                         Sauk                 :
[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
SUBJECT TO COVENANTS OF RECORD.

which currently has the address of S3387 Larue Rd

La Valle                          [City], Wisconsin 53941
("Property Address"):                                                    [Street]
                                                                         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

-6A(WI) (0005)                    Page 3 of 15          Initials:          Form 3050   1/01

q03210153752 0233 211 0315

EXHIBIT A

0C0324

3210153752P

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____  01/10/2007  (Seal)
                                          Ronald L. Gardner                   -Borrower

_____          _____  (Seal)
                                          Susanne P. Gardner                  -Borrower


_____ (Seal)            _____ (Seal)
                        -Borrower                                 -Borrower


_____ (Seal)            _____ (Seal)
                        -Borrower                                 -Borrower


_____ (Seal)            _____ (Seal)
                        -Borrower                                 -Borrower



EXHIBIT A

000329

3210153752P

**STATE OF WISCONSIN,**                    Sauk             County ss:

      The foregoing instrument was acknowledged before me this        January 10, 2007
by Ronald L. Gardner and Susanne P. Gardner, husband and wife

My Commission Expires: *9-19-2010*

"Sign Here"    *Mary E. Gawronski*

Notary Public, State of Wisconsin

This instrument was prepared by
Lindsay Gargin





EXHIBIT A

000326

EXHIBIT A - LEGAL DESCRIPTION

Tax ID Number: 022-0391-00000

Land situated in the County of Sauk in the State of WI

A parcel of land located in Section 16, Town 12 North, Range 3 East, Town of
Irontown, Sauk County, Wisconsin, described as follows:

The Northeast 1/4 of the Southeast 1/4 of Section 16.

Commonly known as: 53387 Larue Rd, La Valle, WI  53941

EXHIBIT A

B6B (Official Form 6B) (12/07)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                   Case No. _____
_____
               Debtor(s)                                                      (If known)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the property is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | cash on hand | C | 20.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account at Community First Bank | C | 299.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | beds-$300; CD player-$10; computer-$200, desks-$150; dining table & chairs-$100; washer and dryer-$100; end tables-$100; kitchen table & chairs-$25; lamps-$100; living room chairs-$20; loveseats-$100; microwave-$25; paintings-$120; night stands-$20; refrigerator-$250; sofas-$20; kitchen cookware-$100 | C | 1,920.00 |
| | | small appliances-$50; coffee tables-$30; vacuum cleaner-$40; entertainment center-$200; bookcases-$40; curio cabinet-$50; grill-$50; patio furniture-$100; snowblower-$50; lawnmower-$100; dressers-$200; T.V.-$150; VCR/DVD-$30; freezer-$30 | C | 1,120.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | books-$20; pictures-$50; C.D collection-$20; misc. art objects-$100 | C | 190.00 |
| 6.  Wearing apparel. | | debtor's clothes | C | 300.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | cameras-$50; bow and arrows-$50; gardening tools-$50; power/hand tools-$400; deer rifle-$200; bike-$20; golf clubs-$200; fishing equipment-$30; exercise equipment-$40; sprots equipment-$30 | C | 1,070.00 |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Wife has term life insurance through work--no cash value | C | 0.00 |
| 10. Annuities. Itemize and name each issue. | X | | | |

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                   Case No. _____
_____
                          Debtor(s)                                                      (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Thrift Savings Plan; Account#2907 3728 30640** | W | 10,187.24 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 Daewoo (salvage title)** | C | 100.00 |
| | | **2001 Chrysler Minivan (salvage title)** | C | 100.00 |

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                    Case No. _____
     Debtor(s)                                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | **2003 Ford Truck** | C | 2,000.00 |
| | | **2005 Dodge (salvage title)** | C | 2,000.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | **Garnished funds from paycheck** | C | 800.62 |
| | | **Timeshares; one at Tamarack in Wisconsin Dells $1,000.00, WI; one in Myrtle Beach, SC $1,000.00** | C | 2,000.00 |
| | | | **TOTAL** | **22,106.86** |

(Include amounts from any continuation sheets attached.)
Report total also on Summary of Schedules.)

_____ **4** continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only



# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | Year | Make |
|---|---|---|
| KLAJB52Z5WK204062 | 1998 | DAEWOO |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | | Odometer Date |
|---|---|---|---|---|---|---|
| 07137D624001-2 | 05/17/2007 | AUTO | 31139 | ACTUAL | | 05/17/2007 |

| Product Number | Body Style | Color | | Fleet No. |
|---|---|---|---|---|
| 37378071378 | 4DR SEDAN | RED | | |

### Titled Owner(s)

GARDNER RONALD L
S3387 LARUE RD
LA VALLE, WI 53941-9763

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that title brands or mileage disclosures on prior titles have been carried forward onto this document.

KLAJB52Z5WK204062

### Lien Holder(s)

NONE,

### Additional Vehicle Detail

TITLED IN WI AS: REBUILT SALVAGE
PREVIOUSLY TITLED IN: IL
TITLED IN IL AS: SALVAGE

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.



**MAIL ADDRESS:**
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949

**QUESTIONS:**
Contact the Division of Motor Vehicles at:
414-266-1146, 608-261-2583, 800-924-3570
www.dot.wisconsin.gov

6-2-415253

KEEP IN SAFE PLACE    DO NOT KEEP IN VEHICLE

# WISCONSIN CERTIFICATE OF TITLE FOR A VEHICLE
## DEPARTMENT OF TRANSPORTATION

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | BODY STYLE | VEHICLE TYPE | FLEET NUMBER | |
|---|---|---|---|---|---|---|
| 2C8GP44G51R152158 | 2001 | CHRYS | | TRUK | | AUT KZL363 |

| TITLE NUMBER | DATE TITLE ISSUED | ODOMETER | ODOMETER DATE |
|---|---|---|---|
| 01122LED01-2 | 05/03/2001 | 86 | 03/31/2001 |
| | | DISCLOSED AS ACTUAL | |

REGISTERED OWNERS

GARDNER RON L AND GARDNER SUSANNE P
404 S PRESTON AVE
REEDSBURG WI 53959

The person, firm or corporation named on this Title has been duly registered as the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Security Interests appear on this Title does not necessarily represent their priority.

SECURED PARTY

CHRYSLER FINANCIAL COMPANY LLC BROOKFIELD

**CONTROL NUMBER**
(This is not a Title Number)

# 9-3032271

DIVISION OF MOTOR VEHICLES

---

## Important - Buyer and Seller must complete the section below at time of sale
## TITLE ASSIGNMENT AND MILEAGE, SELLING PRICE AND BRAND DISCLOSURE BY REGISTERED OWNER(S) SHOWN ABOVE

Federal and State law requires that SELLER state the mileage and provide written vehicle disclosure information in connection with transfer of ownership. Failure to complete a mileage statement, disclose required information, or providing a false statement may result in fines and/or imprisonment and may make you liable for damages to the transferee (buyer).

SELLER Print Person(s) name(s) signing as Seller

Print Sellers Address, City, State, Zip if different than shown above

ODOMETER NOW READS (No Tenths):
and to the best of my knowledge this is
actual mileage of this vehicle unless one of the following statements is checked.

☐ The odometer reading reflects the amount of mileage in excess of its mechanical limit.
☐ The odometer reading is NOT actual mileage. WARNING ODOMETER DISCREPANCY

I, the seller, certify that to the best of my knowledge the information contained on this document is true and correct and that I have entered the vehicle odometer reading, brand disclosure, and selling price hereon in compliance with federal and state law as referenced above. For value received, I hereby sell, assign or transfer the vehicle described on this document and warrant title to Purchaser as shown.
Signature of Seller(s). See "REGISTERED OWNERS" above. If joint ownership with "or", only one seller's signature required; with "and", all seller's signatures required.

**BRAND DISCLOSURE** (will be printed on future titles) Check all that apply:
☐ Flood damaged vehicle        ☐ Previous police vehicle
☐ Previous taxicab             ☐ Salvage vehicle

SELLING PRICE (Seller enter): $ |___|___|___,|___|___|___|

X _____
X _____ Date

BUYER (Purchaser) Print Name(s)

Print Buyer Address, City, State, Zip

If Buyer is a business, Print Name of authorized person signing as Purchaser

Signature of Purchaser(s)
X _____
X _____ Date

**If registered owner is a dealer and first assignment is through auction or salvage pool, complete the following.**
Print Consigning Auction Dealer Name or Consigning Salvage Pool Name     Auction or Salvage Pool Dealer No.     Sale Date

The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in recording by the department. The department makes no warranties, express or implied, about the vehicle or operating condition and any statements about vehicle inspections are only administrative.

PURCHASER - Attach form MV1 (Wisconsin Application for Title) to this document and mail or deliver immediately to the Wisconsin Department of Transportation. Form MV1 is available at Wisconsin DMV Service Centers and police stations.

MV2269 S97(8)        pursuant to ch. 342. Wis Stats.

MAIL ADDRESS - Wisconsin Dept. of Transportation,
P.O. Box 7949, Madison, WI 53707-7949

QUESTIONS - Contact nearest Motor Vehicle Service Center or call (608) 266-1466

## ANY ALTERATION OR ERASURE VOIDS THIS TITLE - KEEP IN A SAFE PLACE
Seller must give to purchaser at time of sale

# WISCONSIN CERTIFICATE OF TITLE FOR A VEHICLE
## DEPARTMENT OF TRANSPORTATION



| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | BODY STYLE | VEHICLE TYPE | FLEET NUMBER |
|---|---|---|---|---|---|
| 1FTNX21S03EA55911 | 2003 | FORD | TRUK | | ATK 725102 |

| TITLE NUMBER | DATE TITLE ISSUED | ODOMETER | ODOMETER DATE |
|---|---|---|---|
| 02288AND02-1 | 10/17/2002 | 24 | 10/09/2002 |

DISCLOSED AS ACTUAL

**REGISTERED OWNERS**

GARDNER, SUSANNE P
404 S PRESTON AVE
REEDSBURG WI 53959

The person, firm or corporation named on this Title has been duly registered as the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Security Interests appear on this Title does not necessarily represent their priority.

**SECURED PARTY**

**CONTROL NUMBER**
(This is not a Title Number)

040184 AMCORE BANK NA ROCKFORD ROCKFORD IL

**1-4759807**

DIVISION OF MOTOR VEHICLES

---

## Important. - Buyer and Seller must complete the section below at time of sale
## TITLE ASSIGNMENT AND MILEAGE, SELLING PRICE AND BRAND DISCLOSURE BY REGISTERED OWNER(S) SHOWN ABOVE

Federal and State law requires that SELLER state the mileage and provide written vehicle disclosure information in connection with transfer of ownership. Failure to complete a mileage statement, disclose required information, or providing a false statement may result in fines and/or imprisonment and may make you liable for damages to the transferee (buyer).

SELLER (Print Person(s) Name signing as Seller

Print Sellers Address, City, State, Zip if different than shown above

ODOMETER NOW READS (No Tenths) and to the best of my knowledge is actual mileage of this vehicle unless one of the following statements is checked.

☐ The odometer reading reflects the amount of mileage in excess of its mechanical limit.

☐ The odometer reading is NOT actual mileage. WARNING ODOMETER DISCREPANCY.

**BRAND DISCLOSURE** (will be printed on future titles). Check all that apply.
☐ Flood damaged vehicle   ☐ Previous police vehicle
☐ Previous taxicab   ☐ Salvage vehicle

I, the seller, certify that to the best of my knowledge the information contained on this document is true and correct and that I have entered the vehicle odometer reading, brand disclosure, and selling price herein in compliance with federal and state law as referenced above. For value received, I hereby sell, assign or transfer the vehicle described on this document and warrant title to Purchaser as shown.

Signature of Seller(s). See "REGISTERED OWNERS" above. If joint ownership with "or", only one seller's signature required, with "and", all seller's signatures required.

**SELLING PRICE** (Seller enter): $ _____

X _____ Date _____

**BUYER (Purchaser)** Print Name(s)

Print Buyer Address, City, State, Zip

If Buyer is a business, Print Name of authorized person signing as Purchaser

Signature of Purchaser(s)

X _____ Date _____

X _____

**If registered owner is a dealer and first assignment is through auction or salvage pool, complete the following:**

Print Consigning, Auction Dealer Name or Consigning, Salvage Pool Name

Auction or Salvage Pool Dealer No.

Sale Date:

The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in recording by the department. The department makes no warranties, express or implied, about the vehicle or operating condition and any statements about vehicle inspections are only administrative.

**PURCHASER** - Attach form MV1 (Wisconsin Application for Title) to this document and mail or deliver immediately to the Wisconsin Department of Transportation. Form MV1 is available at Wisconsin DMV Service Centers and police stations.

**MAIL ADDRESS** - Wisconsin Dept. of Transportation P O Box 7949, Madison, WI 53707-7949

**QUESTIONS** - Contact nearest Motor Vehicle Service Center, or call (608) 266-1466

MV2266 2/2003 (1) T055 Ch. 342 Wis. Stats.

**ANY ALTERATION OR ERASURE VOIDS THIS TITLE - KEEP IN A SAFE PLACE**
Seller must give to purchaser at time of sale

  

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | | Year | Make | | | |
|---|---|---|---|---|---|---|
| 1B3EL46X65N583887 | | 2005 | DODGE | | | |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | Odometer Date |
|---|---|---|---|---|---|
| 10152D624002-4 | 06/01/2010 | AUTO | 55382 | ACTUAL | 06/01/2010 |

| Product Number | Body Style | Color | Fleet No. |
|---|---|---|---|
| 34962101526 | 4DR SEDAN | GOLD | |

**Titled Owner(s)**

GARDNER RONALD L
S3387 LARUE RD
LA VALLE, WI 53941-9763

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.

1B3EL46X65N583887

**Lien Holder(s)**

NONE,

**Additional Vehicle Detail**

TITLED IN WI AS: REBUILT SALVAGE
PREVIOUSLY TITLED IN: IL
TITLED IN IL AS: SALVAGE

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle. You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately. To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.



**QUESTIONS:**
Contact the Division of Motor Vehicles at:
414-266-1000, 608-266-1466
www.dot.wisconsin.gov

**MAIL ADDRESS:**
Wisconsin Department of Transportation
P.O. Box 7949, Madison, WI 53707-7949

26355

8-2-9056189

KEEP IN SAFE PLACE    DO NOT KEEP IN VEHICLE

**B6C** (Official Form 6C) (04/10)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                   Case No. _____
_____                                      (If known)
Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **cash on hand** | **11 USC § 522(d)(5)** | 20.00 | 20.00 |
| **checking account at Community First Bank** | **11 USC § 522(d)(5)** | 299.00 | 299.00 |
| **beds-$300; CD player-$10; computer-$200, desks-$150; dining table & chairs-$100; washer and dryer-$100; end tables-$100; kitchen table & chairs-$25; lamps-$100; living room chairs-$20; loveseats-$100; microwave-$25; paintings-$120; night stands-$20; refrigerator-$250; sofas-$200; kitchen cookware-$100** | **11 USC § 522(d)(3)** | 1,920.00 | 1,920.00 |
| **small appliances-$50; coffee tables-$30; vacuum cleaner-$40; entertainment center-$200; bookcases-$40; curio cabinet-$50; grill-$50; patio furniture-$100; snowblower-$50; lawnmower-$100; dressers-$200; T.V.-$150; VCR/DVD-$30; freezer-$30** | **11 USC § 522(d)(3)** | 1,120.00 | 1,120.00 |
| **books-$20; pictures-$50; C.D collection-$20; misc. art objects-$100** | **11 USC § 522(d)(3)** | 190.00 | 190.00 |
| **debtor's clothes** | **11 USC § 522(d)(3)** | 300.00 | 300.00 |
| **cameras-$50; bow and arrows-$50; gardening tools-$50; power/hand tools-$400; deer rifle-$200; bike-$20; golf clubs-$200; fishing equipment-$30; exercise equipment-$40; sprots equipment-$30** | **11 USC § 522(d)(3)** | 1,070.00 | 1,070.00 |
| **Thrift Savings Plan; Account#2907 3728 30640** | **11 USC § 522(d)(12)** | 10,187.24 | 10,187.24 |
| **1998 Daewoo (salvage title)** | **11 USC § 522(d)(5)** | 100.00 | 100.00 |
| **2001 Chrysler Minivan (salvage title)** | **11 USC § 522(d)(5)** | 100.00 | 100.00 |
| **2003 Ford Truck** | **11 USC § 522(d)(2)** | 2,000.00 | 2,000.00 |
| **2005 Dodge (salvage title)** | **11 USC § 522(d)(2)** | 2,000.00 | 2,000.00 |
| **Garnished funds from paycheck** | **11 USC § 522(d)(11)(A)** | 800.62 | 800.62 |
| **Timeshares; one at Tamarack in Wisconsin Dells $1,000.00, WI; one in Myrtle Beach, SC $1,000.00** | **11 USC § 522(d)(5)** | 2,000.00 | 2,000.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.** _____   Case No. _____

Debtor(s)                                                                                         (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. _(See Instructions Above.)_ | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2651** <br><br> **Chase Home Finance** <br> **PO Box 24696** <br> **Columbus, OH 43224-0696** | | C | **First Mortgage loan on debtor's residence; loan is in default and foreclosure action is pending** <br><br> VALUE $ **546,877.00** | | | | **700,100.00** | **153,223.00** |
| ACCOUNT NO. **4002** <br><br> **Community First Bank** <br> **PO Box 307** <br> **Boscobel, WI 53805-0307** | | C | **Adjustable rate mortgage loan secured by lien on real estate located at Ironton Township** <br><br> VALUE $ **109,532.00** | | | | **155,463.14** | **45,931.14** |
| ACCOUNT NO. **7820** <br><br> **GMAC Mortgage** <br> **PO Box 780** <br> **Waterloo, IA 50704-0780** | | C | **second Mortgage lien on debtor's residence** <br><br> VALUE $ **546,877.00** | | | | **90,000.00** | **90,000.00** |
| ACCOUNT NO. **7400** <br><br> **PennyMac Loan Services, LLC** <br> **PO Box 514387** <br> **Los Angeles, CA 90051-4387** | | C | **First mortgage on debtor's rental house in Reedsburg located at 404 S.Preston Ave., Reedsburg, Wisconsin 53959** <br><br> VALUE $ **177,300.00** | | | | **245,000.00** | **67,700.00** |

**0** continuation sheets attached

|  | Subtotal (Total of this page) | $ **1,190,563.14** | $ **356,854.14** |
|---|---|---|---|
|  | Total (Use only on last page) | $ **1,190,563.14** | $ **356,854.14** |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                    Case No. _____
                                Debtor(s)                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**0** continuation sheets attached

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B6F (Official Form 6F) (12/07)**

**IN RE** Gardner, Ronald L. & Gardner, Susanne P.                    Case No. _____
_____                    _____
          Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1708** <br><br> **Bank Of America** <br> **C/O Plaza Associates** <br> **PO Box 1808** <br> **Hauppauge, NY  11788** | | C | **Bank of America credit card** | | | | **51,740.84** |
| ACCOUNT NO. **0582** <br><br> **Bank Of America NA** <br> **C/O Northstar Location Services, LLC** <br> **4285 Genesee St** <br> **Buffalo, NY  14225-1943** | | C | **credit purchases** | | | | **5,838.00** |
| ACCOUNT NO. **1366** <br><br> **Bank Of America NA** <br> **C/O Plaza Associates** <br> **PO Box 18008** <br> **Hauppauge, NY  11788-8808** | | C | **credit card purchases** | | | | **26,511.15** |
| ACCOUNT NO. **8683** <br><br> **Bank Of America--Prime Low** <br> **C/O National Enterprise Systems** <br> **29125 Solon Rd** <br> **Solon, OH  44139-3442** | | C | **credit purchases** | | | | **17,564.69** |

__3__ continuation sheets attached

Subtotal
(Total of this page)        $  **101,654.68**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)        $

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                     Case No. _____
_____
                Debtor(s)                                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Baraboo National Bank**<br>**Portage National Bank Branch**<br>**PO Box 75**<br>**Portage, WI  53901-0075** | | C | **Money judgment from deficiency on foreclosure of apartment building; Judgment filed in Juneau County Case No.2008-CV-459 on 8-21-09** | | | | 99,118.37 |
| ACCOUNT NO. **1138**<br>**Basco Development**<br>**C/O Bay West Acquisitions, LLC**<br>**PO Box 44**<br>**Westby, WI  54667-0044** | | C | **maintenance fees** | | | | 2,691.76 |
| ACCOUNT NO. **8967**<br>**Capital One Bank USA NA**<br>**C/O AllianceOne Receivables Management**<br>**PO Box 3111**<br>**Southeastern, PA  19398-3111** | | C | **credit purchases; money judgment entered 1-12-10 in Sauk County Ciruit Court as Case No. 2009-CV-1093** | | | | 16,814.21 |
| ACCOUNT NO. **2186**<br>**Chase Bank USA, N.A.**<br>**C/O Valentine & Kebartas, Inc.**<br>**PO Box 325**<br>**Lawrence, MA  01842-0625** | | C | **credit card purchases** | | | | 7,547.45 |
| ACCOUNT NO. **9149**<br>**Citibank**<br>**C/O Asset Acceptance, LLC**<br>**PO Box 2036**<br>**Warren, MI  48090-2036** | | C | **credit card purchases** | | | | 23,792.41 |
| ACCOUNT NO.<br>**Citibank,(South Dakota) NA - Home Depot**<br>**C/O Client Services, Inc**<br>**3451 Harry Truman Blvd**<br>**Saint Charles, MO  63301-4047** | | C | **credit purchases** | | | | 2,060.79 |
| ACCOUNT NO. **8630**<br>**Discover Card**<br>**C/O Redline Recovery Services, LLC**<br>**11675 Rainwater Dr Ste 350**<br>**Alpharetta, GA  30009-8693** | | C | **Credit purchases** | | | | 17,808.58 |

Sheet no. ____**1**____ of ____**3**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   $  **169,833.57**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)   $  _____

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                      Case No. _____
_____
                    Debtor(s)                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **3997** <br> **Festiva Management Group-Ellington-I** <br> **PO Box 536820** <br> **Atlanta, GA 30353-6820** | | C | maintenance fees | | | | 1,644.84 |
| ACCOUNT NO. **3952** <br> **Festiva Management Group-Mirror Lake II** <br> **PO Box 534494** <br> **Atlanta, GA 30353-4464** | | C | maintenance fees | | | | 816.65 |
| ACCOUNT NO. <br> **Fox Point Apartments** <br> **C/O Camie Castleberry** <br> **1300 Walnut St** <br> **Baraboo, WI 53913-2973** | | C | Money judgment v, Susanne Gardner; Sauk County Case No. 2008SC007; judgment entered January 11, 2010 | | | | 2,524.13 |
| ACCOUNT NO. <br> **Joe Seep Plumbing & Electric, Inc.** <br> **E3761 Old Hwy K** <br> **Reedsburg, WI 53959** | | C | Plumbing services past several years; case pending in Sauk County Circuit Court, Case No. 2010CV637 | X | X | | 8,587.10 |
| ACCOUNT NO. <br> **Prairie Plumbing & Heating, Inc.** <br> **PO Box 486** <br> **Sauk City, WI 53583-0486** | | C | plumbing services 2009 | | | | 3,833.63 |
| ACCOUNT NO. <br> **Reedsburg Country Club, Inc.** <br> **PO Box 125** <br> **Reedsburg, WI 53959-0125** | | C | money judgment entered 3-4-10 in Sauk County Circuit Court, case No. 2010SC010 | | | | 3,463.74 |
| ACCOUNT NO. **4345** <br> **Resurgent Capital Services L.P.** <br> **C/O J.C. Christensen And Associates, Inc** <br> **PO Box 519** <br> **Sauk Rapids, MN 56379-0519** | | C | credit card debt; originally through HSBC Bank Nevada as a Menard card | | | | 9,509.73 |

Sheet no. _____**2** of _____**3** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ | 30,379.82

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                    Case No. _____
_____                              _____
                    Debtor(s)                                                (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2984**<br>**Target Financial Services**<br>**C/O Capital Management Services, L.P.**<br>**726 Exchange St Ste 700**<br>**Buffalo, NY  14210-1464** | | C | **credit card purchases** | | | | **10,451.52** |
| ACCOUNT NO. **8269**<br>**UPS**<br>**C/O Allied Interstate Inc.**<br>**PO Box 361684**<br>**Columbus, OH  43236-1684** | | C | **services** | | | | **57.29** |
| ACCOUNT NO. **8116**<br>**US Bank**<br>**C/O Rausch, Sturm Law Firm**<br>**250 N. Sunnyslope Road**<br>**Saint Louis, MO  63179-0179** | | C | **credit card debt; money judgment entered 3-29-10 in Sauk County Circuit Court; Case No. 2009-CV-1055** | | | | **17,531.81** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _____**3** of _____**3** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **28,040.62**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ **329,908.69**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B6G (Official Form 6G) (12/07)**

IN RE <u>Gardner, Ronald L. & Gardner, Susanne P.</u>                    Case No. _____
                    Debtor(s)                                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE __Gardner, Ronald L. & Gardner, Susanne P._____    Case No. _____
                 Debtor(s)                                                                (If known)

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                     Case No. _____
_____
Debtor(s)                                                      (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Maintenance Worker** | **Registered Nurse** |
| Name of Employer | **Plateco Of Necedah, Inc** | **VA Hospital - Madison** |
| How long employed | **5 months** | **2 years and 2 months** |
| Address of Employer | **1375 Industrial St** | **2500 Overlook Ter** |
| | **Reedsburg, WI  53959-2139** | **Madison, WI  53705-2254** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | | $ 3,182.40 | $ 6,566.99 |
| 2. Estimated monthly overtime | | $ | $ |
| **3. SUBTOTAL** | | $ 3,182.40 | $ 6,566.99 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | | $ 354.39 | $ 1,473.00 |
| b. Insurance | | $ 79.21 | $ 525.27 |
| c. Union dues | | $ | $ |
| d. Other (specify)    **See Schedule Attached** | | $ 13.56 | $ 918.27 |
| | | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | | $ 447.16 | $ 2,916.54 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | | $ 2,735.24 | $ 3,650.45 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ | $ |
| 8. Income from real property | | $ | $ |
| 9. Interest and dividends | | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | | $ | $ |
| 11. Social Security or other government assistance | | | |
| (Specify) _____ | | $ | $ |
| _____ | | $ | $ |
| 12. Pension or retirement income | | $ | $ |
| 13. Other monthly income | | | |
| (Specify) _____ | | $ | $ |
| _____ | | $ | $ |
| _____ | | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | | $ | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | | $ 2,735.24 | $ 3,650.45 |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)          $ 6,385.69

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** <u>Gardner, Ronald L. & Gardner, Susanne P.</u>                    Case No. _____

Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

|  | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: |  |  |
| **Uniform** | **13.56** |  |
| **FEGLI** |  | **48.06** |
| **FSA-HC** |  | **62.49** |
| **VCS Deduction** |  | **8.28** |
| **Retirement** |  | **47.36** |
| **TSP** |  | **355.25** |
| **Garnishment** |  | **381.14** |
| **Vision** |  | **15.69** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                    Case No. _____
               Debtor(s)                                                                                (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,620.00 |
|    a. Are real estate taxes included?    Yes _____  No ✓ | | |
|    b. Is property insurance included?    Yes _____  No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | 500.00 |
|    b. Water and sewer | $ | |
|    c. Telephone | $ | 200.00 |
|    d. Other   **Cable Television** | $ | 50.00 |
|            **Garbage** | $ | 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 125.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 350.00 |
|    b. Life | $ | 68.00 |
|    c. Health | $ | 515.00 |
|    d. Auto | $ | 310.00 |
|    e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) **See Schedule Attached** | $ | 1,106.00 |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | |
|    b. Other   **See Schedule Attached** | $ | 1,072.00 |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other   **See Schedule Attached** | $ | 650.00 |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.

$ _____ **10,191.00**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 6,385.69 |
|    b. Average monthly expenses from Line 18 above | $ | 10,191.00 |
|    c. Monthly net income (a. minus b.) | $ | -3,805.31 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** <u>Gardner, Ronald L. & Gardner, Susanne P.</u>                                    Case No. _____
                                    Debtor(s)

### SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
#### Continuation Sheet - Page 1 of 1

Taxes (DEBTOR)
| | |
|---|---:|
| **Real Estate Taxes On Residence** | **830.00** |
| **Real Estate Taxes On Rental House** | **117.00** |
| **Real Estate Taxes On Land** | **159.00** |

Other Installment Payments (DEBTOR)
| | |
|---|---:|
| **Timeshare Payment On Tamarack, WI Dells, WI** | **190.00** |
| **Student Loan** | **82.00** |
| **Second Mortgage** | **800.00** |

Other Expenses (DEBTOR)
| | |
|---|---:|
| **Personal/Grooming Expenses** | **100.00** |
| **School Expenses** | **50.00** |
| **Pet Expenses** | **50.00** |
| **Vehicle Maintenance And Repairs** | **250.00** |
| **Tobacco** | **200.00** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration)  (12/07)

**IN RE** Gardner, Ronald L. & Gardner, Susanne P.      Case No. _____
Debtor(s)          (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**44** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **November 29, 2010** _____    Signature: **/s/ Ronald L. Gardner** _____
Debtor
                **Ronald L. Gardner**

Date: **November 29, 2010** _____    Signature: **/s/ Susanne P. Gardner** _____
(Joint Debtor, if any)
                **Susanne P. Gardner**
[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____      _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____

_____
Address

_____      _____
Signature of Bankruptcy Petition Preparer      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____      Signature: _____

                          _____
(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/10)

## United States Bankruptcy Court
## Western District of Wisconsin

IN RE:                                      Case No. _____

**Gardner, Ronald L. & Gardner, Susanne P.** _____ Chapter **7** _____

                    Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| 82,925.39 | 2008  Susanne's income as a nurse |
| 96,858.00 | 2009 Susanne's income as a nurse |
| -101,174.00 | 2008 rental income |
| -14,607.00 | 2009 rental income |
| 84,538.76 | 2010 Susanne's gross year-to-date income as a nurse |
| 20,067.00 | 2010 Ron's gross year-to-date income from employment |

---

### 2. Income other than from employment or operation of business

None ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| 74,730.00 | 2008 capital gain |
| 3,324.00 | 2009 capital gain |
| 52,635.00 | 2008 distribution from annuity |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Community First Bank<br>PO Box 307<br>Boscobel, WI  53805-0307** | **September, October and November 2010** | **3,276.00** | **155,463.14** |

None ☑    *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑    *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Baraboo National Bank v. Ronald L. Gardner et al;  Juneau County Case No. 2008CV0459** | **foreclosure** | **Juneau County Circuit Court, Mauston, Wisconsin** | **pending** |
| **Reedsburg Country Club,Inc. v. Ron Gardner; Sauk County Case No. 2010SC010** | **money judgment** | **Sauk County Circuit Court, Baraboo, Wisconsin** | **judgment entered 3-4-10** |
| **Joe Seep Plumbing & Electric, Inc. v. Ronald L. Gardner et al ; Sauk County Case No.2010CV0637** | **money judgment** | **Sauk County Circuit Court, Baraboo, Wisconsin** | **pending** |
| **Capital One Bank USA, NA v. Ronald L. Gardner et al; Sauk County Case No. 2009CV1093** | **money judgment** | **Sauk County Circuit Court, Baraboo, Wsiconsin** | **judgment entered 1-12-10** |
| **US Bank NA, ND v. RonL. Gardner et al; Sauk County Case No.2009CV1055** | **money judgment** | **Sauk County Circuit Court, Baraboo, Wisconsin** | **judgment entered 3-29-10** |
| **US Bank National Association, as Trustee for JPM2007-S1, c/o Chase Home finance, Inc. v. Ronald L. Gardner and Susanne P. Gardner; Sauk County Case No. 09CV459** | **foreclosure** | **Sauk County Circuit Court, Baraboo, Wisconsin** | **pending** |

None ☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Capitol One Bank USA** | **September 2010** | **Garnished funds from paycheck; $800.62** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

C/O Alliance One Receivables Management
PO Box 3111
Southeastern, PA  19398-3111

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Curran, Hollenbeck & Orton, S.C.**<br>**111 Oak St**<br>**Mauston, WI  53948-0140** | **9-02-10** | **1,700.00** |

**This fee is for representation in the Ch. 7 bankruptcy and includes the filing fee of $299.00; balance owed is $300**

| | | |
|---|---|---|
| **Cricket Debt Counseling** | **September 1, 2010** | **40.00** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

---

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Gardner Properties** | **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** | **S3387 Larue Rd La Valle, WI  53941-9763** | **Sole proprietorship real estate rental business** | **1990-2009** |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

☐ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Jackson Hewitt 2670 E Main St Reedsburg, WI  53959-8710** | **yearly tax returns** |

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

## 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

### 23. Withdrawals from a partnership or distributions by a corporation

None ☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

### 24. Tax Consolidation Group

None ☑   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

### 25. Pension Funds.

None ☑   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **November 29, 2010**    Signature   */s/ Ronald L. Gardner*
    of Debtor                                 **Ronald L. Gardner**

Date: **November 29, 2010**    Signature   */s/ Susanne P. Gardner*
    of Joint Debtor                          **Susanne P. Gardner**
    (if any)

                    **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B8 (Official Form 8) (12/08)**

**United States Bankruptcy Court**
**Western District of Wisconsin**

IN RE:                                                                                    Case No. _____

Gardner, Ronald L. & Gardner, Susanne P.                                   Chapter **7** _____
_____
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. (*Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.*)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Chase Home Finance** | **Describe Property Securing Debt:**<br>**Residence located at S3387 LaRue Road, LaValle, Wisconsin** |

Property will be (*check one*):
☐ Surrendered   ☑ Retained

If retaining the property, I intend to (*check at least one*):
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (*check one*):
☐ Claimed as exempt   ☑ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:**<br>**Community First Bank** | **Describe Property Securing Debt:**<br>**Land adjacent to homestead; tax parcel #'s 022-0357; 022-03** |

Property will be (*check one*):
☐ Surrendered   ☑ Retained

If retaining the property, I intend to (*check at least one*):
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (*check one*):
☐ Claimed as exempt   ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. (*All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.*)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

___**1** continuation sheets attached (*if any*)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____ **November 29, 2010** _____     ***/s/ Ronald L. Gardner***_____
                                                                          Signature of Debtor

                                                                 ***/s/ Susanne P. Gardner***_____
                                                                          Signature of Joint Debtor

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A** – Continuation

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**GMAC Mortgage** | **Describe Property Securing Debt:**<br>**Residence located at S3387 LaRue Road, LaValle, Wisconsin** |

Property will be *(check one)*:
☐ Surrendered   ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☑ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**PennyMac Loan Services, LLC** | **Describe Property Securing Debt:**<br>**House located at Reedsburg, Wisconsin; tax parcel#276-182** |

Property will be *(check one)*:
☐ Surrendered   ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☑ Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered   ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☐ Not claimed as exempt

**PART B** – Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Continuation sheet ___1___ of ___1___

B201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201A (Form 201A) (12/09)                                                                                         Page 2

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

     Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

     **Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

     Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

     Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

     After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

     **Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

     Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

     **Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

     Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

     A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201B (Form 201B) (12/09)

**United States Bankruptcy Court**
**Western District of Wisconsin**

IN RE:                                                                    Case No. _____

Gardner, Ronald L. & Gardner, Susanne P. _____     Chapter **7** _____
                            Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____     Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer     petition preparer is not an individual, state
Address:     the Social Security number of the officer,
_____     principal, responsible person, or partner of
_____     the bankruptcy petition preparer.)
_____     (Required by 11 U.S.C. § 110.)
**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Gardner, Ronald L. & Gardner, Susanne P. _____     **X** */s/ Ronald L. Gardner*         **11/29/2010**
Printed Name(s) of Debtor(s)                                    Signature of Debtor                Date

Case No. (if known) _____     **X** */s/ Susanne P. Gardner*      **11/29/2010**
                                       Signature of Joint Debtor (if any)      Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Western District of Wisconsin**

IN RE:                                                                   Case No. _____

**Gardner, Ronald L. & Gardner, Susanne P.** _____   Chapter **7** _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................................................ $ _____**2,000.00**

   Prior to the filing of this statement I have received ............................................................................ $ _____**1,700.00**

   Balance Due ............................................................................ $ _____**300.00**

2. The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify):

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
   e.  [Other provisions as needed]
   **The above fee includes the filing fee of $299**

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:
   **Representation in adversary proceedings or other contested matters whcih will be handled at the rate of $170/hr**

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____        _/s/ Thomas J. Casey_
**November 29, 2010**
Date                              **Thomas J. Casey 1006622**
                                  **Curran, Hollenbeck & Orton, S.C.**
                                  **P.O. Box 140**
                                  **Mauston, WI  53948-0140**

                                  **tcasey@curranlawoffice.com** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Bank Of America
C/O Plaza Associates
PO Box 1808
Hauppauge, NY  11788


Bank Of America NA
C/O Northstar Location Services, LLC
4285 Genesee St
Buffalo, NY  14225-1943


Bank Of America NA
C/O Plaza Associates
PO Box 18008
Hauppauge, NY  11788-8808


Bank Of America--Prime Low
C/O National Enterprise Systems
29125 Solon Rd
Solon, OH  44139-3442


Baraboo National Bank
Portage National Bank Branch
PO Box 75
Portage, WI  53901-0075


Basco Development
C/O Bay West Acquisitions, LLC
PO Box 44
Westby, WI  54667-0044


Capital One Bank USA NA
C/O AllianceOne Receivables Management
PO Box 3111
Southeastern, PA  19398-3111

Chase Bank USA, N.A.
C/O Valentine & Kebartas, Inc.
PO Box 325
Lawrence, MA  01842-0625


Chase Home Finance
PO Box 24696
Columbus, OH  43224-0696


Citibank
C/O Asset Acceptance, LLC
PO Box 2036
Warren, MI  48090-2036


Citibank,(South Dakota) NA - Home Depot
C/O Client Services, Inc
3451 Harry Truman Blvd
Saint Charles, MO  63301-4047


Community First Bank
PO Box 307
Boscobel, WI  53805-0307


Discover Card
C/O Redline Recovery Services, LLC
11675 Rainwater Dr Ste 350
Alpharetta, GA  30009-8693


Festiva Management Group-Ellington-I
PO Box 536820
Atlanta, GA  30353-6820


Festiva Management Group-Mirror Lake II
PO Box 534494
Atlanta, GA  30353-4464

Fox Point Apartments
C/O Camie Castleberry
1300 Walnut St
Baraboo, WI  53913-2973


GMAC Mortgage
PO Box 780
Waterloo, IA  50704-0780


Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326


Joe Seep Plumbing & Electric, Inc.
E3761 Old Hwy K
Reedsburg, WI  53959


PennyMac Loan Services, LLC
PO Box 514387
Los Angeles, CA  90051-4387


Prairie Plumbing & Heating, Inc.
PO Box 486
Sauk City, WI  53583-0486


Reedsburg Country Club, Inc.
PO Box 125
Reedsburg, WI  53959-0125


Resurgent Capital Services L.P.
C/O J.C. Christensen And Associates, Inc
PO Box 519
Sauk Rapids, MN  56379-0519

Target Financial Services
C/O Capital Management Services, L.P.
726 Exchange St Ste 700
Buffalo, NY  14210-1464


UPS
C/O Allied Interstate Inc.
PO Box 361684
Columbus, OH  43236-1684


US Bank
C/O Rausch, Sturm Law Firm
250 N. Sunnyslope Road
Saint Louis, MO  63179-0179


Wisconsin Department Of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI  53708-8901

**United States Bankruptcy Court**
**Western District of Wisconsin**

**IN RE:**                                                       Case No. _____

<u>**Gardner, Ronald L. & Gardner, Susanne P.**</u>_____    Chapter **7**_____
Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.

Date: <u>**November 29, 2010**</u>_____    Signature: *<u>/s/ Ronald L. Gardner</u>*_____
                                                  **Ronald L. Gardner**                                          Debtor

Date: <u>**November 29, 2010**</u>_____    Signature: *<u>/s/ Susanne P. Gardner</u>*_____
                                                  **Susanne P. Gardner**                              Joint Debtor, if any

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B22A (Official Form 22A) (Chapter 7) (04/10)**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | |
|---|---|
| In re: **Gardner, Ronald L. & Gardner, Susanne P.**<br><span>Debtor(s)</span><br><br>Case Number: _____<br><span>(If known)</span> | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):<br><br>☐ **The presumption arises**<br>☑ **The presumption does not arise**<br>☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/10)

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 1,199.35 | $ 6,608.34 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><table><tr><td>a.</td><td>Gross receipts</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$</td></tr><tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td></tr></table> | $ | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><table><tr><td>a.</td><td>Gross receipts</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td>Subtract Line b from Line a</td></tr></table> | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ _____</td><td>Spouse $ _____</td></tr></table> | $ | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/10)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| | a. | $ | | |
| | b. | $ | | |
| | Total and enter on Line 10 | | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | $   1,199.35 | $   6,608.34 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | | $   7,807.69 |

## Part III. APPLICATION OF § 707(B)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $   93,692.28 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) a. Enter debtor's state of residence: **Wisconsin**_____ b. Enter debtor's household size: __4__ | $   76,188.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.<br>☑ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

### Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | | $   7,807.69 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 17. | $ | |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ | $   7,807.69 |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $   1,371.00 |

**B22A (Official Form 22A) (Chapter 7) (04/10)**

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | |
|---|---|---|---|

| **Household members under 65 years of age** | | **Household members 65 years of age or older** | | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 60.00 | a2. | Allowance per member | 144.00 |
| b1. | Number of members | 4 | b2. | Number of members | 0 |
| c1. | Subtotal | 240.00 | c2. | Subtotal | 0.00 |

$ 240.00

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ 610.00 |
|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 911.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 4,463.97 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☑ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 420.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/10)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☑ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | $ 496.00 |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ | 496.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | $ 496.00 |

| | | | |
|---|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ | 496.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | |

| | | | |
|---|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | $ 1,589.59 |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | $ 4.70 |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | $ 50.75 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service — such as pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | | $ 5,278.04 |

B22A (Official Form 22A) (Chapter 7) (04/10)

| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | | |
|---|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>a. Health Insurance — $ **522.45**<br>b. Disability Insurance — $<br>c. Health Savings Account — $<br><br>Total and enter on Line 34<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br><br>$ _____ | | $ **522.45** |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | | $ **522.45** |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (04/10)

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|---|
| | a. | **Chase Home Finance** | **Residence** | $    **3,620.83** | ☐ yes ☑ no |
| | b. | **GMAC Mortgage** | **Residence** | $       **843.14** | ☐ yes ☑ no |
| | c. | **See Continuation Sheet** | | $    **3,998.44** | ☐ yes ☐ no |
| | | | Total: Add lines a, b and c. | | $    **8,462.41** |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|---|
| | a. | **Chase Home Finance** | **Residence** | $    **2,326.57** |
| | b. | **GMAC Mortgage** | **Residence** | $       **213.33** |
| | c. | **PennyMac Loan Services, LLC** | **rental house** | $       **535.73** |
| | | | Total: Add lines a, b and c. | $    **3,075.63** |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|
| | a. | Projected average monthly chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $    **11,538.04** |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $    **17,338.53** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B22A (Official Form 22A) (Chapter 7) (04/10)**

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | | |
|---|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ | 7,807.69 |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ | 17,338.53 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ | 0.00 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ | 0.00 |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 51 is less than $7,025\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 though 55). | | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ | |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ | |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | | |

| | Part VII. ADDITIONAL EXPENSE CLAIMS | | |
|---|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

| | Part VIII. VERIFICATION | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: __**November 29, 2010**__    Signature: __*/s/ Ronald L. Gardner*__<br><br>(Debtor)<br><br>Date: __**November 29, 2010**__    Signature: __*/s/ Susanne P. Gardner*__<br><br>(Joint Debtor, if any) | |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Gardner, Ronald L. & Gardner, Susanne P.**                                    Case No. _____
                            Debtor(s)

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
### Continuation Sheet - Future payments on secured claims

| Name of Creditor | Property Securing the Debt | 60-month Average Pmt | Does payment include taxes or insurance? |
|---|---|---|---|
| **PennyMac Loan Services, LLC** | **rental house** | **1,407.39** | **No** |
| **Community First Bank** | **vacant land near residence** | **2,591.05** | **No** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only